ANNIE M. WATERS v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. The neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect.

2. In such a case the circumstance that an individual specially injured gave notice to the municipal authorities is of no avail if the special injury was, in fact, part of an indictable offence. ·

On case certified.

This case was tried by the court below without a jury.

The plaintiff offered evidence tending to show the following facts :

The ·plaintiff, in the year 1875, was the owner of property on the corner of Kinney and Halsey streets, in the city of Newark. A sewer, built by the defendant, ran through Kinney street, passed the plaintiff's property and terminated at tide water.

There was a manhole in the street at the intersection of Kinney and Halsey streets, opposite plaintiff's property, and also a sewer basin at each of the four corners of the two streets. The sewer drained a portion of the city on a hill to the west of the plaintiff's property ; another sewer ran through Halsey street, from the north, and emptied into the Kinney street sewer at that corner. In that year a connection from another sewer was made into the Kinney street sewer, above where it passed the plaintiff's property, causing an increased amount of sewage to flow through it, and another sewer was built through Halsey street, from the south, that drained into the Kinney street sewer at the intersection of said streets. Before these new connections were made, the Kinney street sewer had sufficient capacity to carry off all the drainage that flowed into it. After these connections were made, on·

account of the increased amount of sewage and because the water coming from the Halsey street sewer encountered, and to some extent dammed up, the flow of the Kinney street sewer, the said Kinney street sewer did not have sufficient capacity at all times to carry off the drainage that flowed into it. As a result, whenever there was a heavy rain the water backed up from the sewer and flowed out of the said manhole and sewer basin, ran across the sidewalk in front of the plaintiff's property and ran into the windows of plaintiff's houses, and damaged the houses and caused loss of rents. The plaintiff then notified the street commissioner of Newark, an officer having charge of the streets and sewers of said city, and also the common council of said city, of the condition of said sewer, and requested that it be put in proper condition. This was not done, and the sewage continued to overflow plaintiff's property from time to time down to the time of bringing suit.

On this state of facts, the following questions are raised :

*First.* Can a landowner recover from a city damages caused by new sewer connections being made, by the corporation, with a sewer lawfully constructed in a public street, when such connections necessarily caused the sewage to flow out of said sewer, through a manhole and sewer basins in the street on which plaintiff's property abuts, and flow across the sidewalk and over her property ?

*Second.* Can such landowner recover such damages for the continuance of such flow of sewage beyond a reasonable time for putting the sewer in a proper condition, when the city has been notified of the condition of the sewer and the said injury and requested to remedy it ?

The foregoing questions are made and stated as presenting a case of doubt and difficulty, and are hereby certified to the Supreme Court for its advisory opinion.

Argued at June Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff, *Hayes & Lambert.*

For the defendant, *Joseph Coult.*

The opinion of the court was delivered by

GARRISON, J. The courts of this state have said in conclusive form that the neglect of a municipal corporation to perform or its negligence in the performance of a public duty imposed on it by law, is a public wrong to be remedied by indictment, and cannot constitute the basis of a civil action by an individual who has suffered particular damage by reason of such neglect. *Strader* v. *Sussex,* 3 *Harr.* 108; *Cooley* v. *Essex,* 3 *Dutcher* 415; *Livermore* v. *Camden,* 5 *Id.* 245; *Callahan* v. *Morris,* 1 *Vroom* 161; *Livermore* v. *Camden,* 2 *Id.* 507; *Pray* v. *Jersey City,* 3 *Id.* 394; *Union* v. *Durkis,* 9 *Id.* 21; *Marvin Safe Co.* v. *Ward,* 17 *Id.* 19; *Condict* v. *Jersey City, Id.* 157; *Little* v. *Dusenbury, Id.* 614, 636; *Wild* v. *Paterson,* 18 *Id.* 406, 411; *Varrath* v. *Hoboken,* 20 *Id.* 285.

The doctrine of these cases is that where the public has been wronged there is but one redress, viz., the public remedy by indictment. Where, however, such public misfeasance has resulted not in the creation of a public nuisance for which an indictment would lie, but solely in the infliction of a private injury to the property of an individual, the remedy therefor is by a civil action by the party damnified. *Jersey City* v. *Kiernan,* 21 *Vroom* 246.

It follows that, in any given case of special damage, the question as to the right of civil action is narrowed down to the inquiry whether such damage is or is not part of a public wrong for which an indictment would lie.

An examination of the statement of facts certified shows that the sewer maintained by the defendants on Kinney street was not at all times of sufficient capacity to vent the water that reached it through the transverse sewers, and that in consequence of this neglect the public highway upon which the plaintiff abutted was overflowed. It is evident, therefore,

that the condition to which the plaintiff refers her speciall injury was one to which the public at large was, to a greater or less extent, subjected, and that, upon proof of these same facts, an indictment would be sustained.

This being so, there is, upon the authorities above cited, no private right of action in the plaintiff.

The circumstance that the plaintiff gave notice to the municipal authorities of the condition of the sewer and of its injury to her property, cannot affect the question. Where an exclusively private nuisance has resulted from this sort of official negligence, the public authorities may still owe no duty to an individual until they have been notified by him of the condition injurious to his private rights. In such case the efficacy of the notice is not to change a public into a private injury, but is merely to put the public authorities in wrong, if, with knowledge of the misfeasance of their agents, they permit the private nuisance to continue beyond the time reasonably necessary for its removal. *Jersey City* v. *Kiernan, supra.*

But where the private injury is not exclusive of a public nuisance, notification is of no avail to the individual.

The Circuit Court should be advised that, in the case before it, a public nuisance was occasioned by flooding the highway, for which an indictment would lie, and that so long as this is the situation it is the only remedy, and that a notice by the landowner injured does not make the malfeasance actionable by civil suit.