## ANNIE HARRINGTON ET AL. v. THE TOWNSHIP OF WOODBRIDGE.

### Submitted July 3, 1903—Decided November 9, 1903.

1. A public corporation which has constructed a public sewer is not answerable in damages to a property owner who has connected his cellar with the sewer, merely because, for want of sufficient fall and capacity in the sewer, the sewage backs up into the cellar through the connection so made.
2. In devising a plan of public sewers the public authorities exercise a *quasi* judicial function, and are not responsible to private property owners merely because through errors of judgment the plan adopted does not afford adequate drainage.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiffs, *John P. Brown.*

For the defendant, *Guild & Martin.*

The opinion of the court was delivered by

DIXON, J. The declaration in this case alleges that the defendant constructed a public sewer, consisting of a twelve-inch drain pipe, in one of the public streets of the township, for the benefits of which the plaintiffs and other property owners were assessed; that the plaintiffs' dwelling-house,

situate on that street, is connected with the· sewer by piping properly laid; that for 'want of proper pitch or fall, or for want of sufficient capacity, the sewer, ever since such connection was made, has caused the cellar of the plaintiffs' house to be filled with water and sewage; that the town committee or board of health of the township put a wooden plug in the connecting pipe inside of the cellar wall to prevent the further inflow from the sewer, but nevertheless the water and sewage came into their cellar, and that the plaintiffs have often notified the defendant of the circumstances, but the nuisance has not been corrected. Therefore, they claim from the defendant compensation for the damage.

To this declaration the defendant demurs.

So far as discoverable from this declaration the instrumentality which immediately results in the plaintiffs' damage is the pipe connecting the sewer with the cellar. It is not alleged that without this connection the sewage could in any way reach the premises of the plaintiffs. This pipe must be deemed the structure of the plaintiffs themselves, both because it is not charged to have been laid by the defendant and because there is no legal authority for the doing of such work by this public body. Consequently, the pith of the complaint against the defendant is that it failed to construct the public sewer with such capacity and fall as would enable the plaintiffs safely to connect their cellar with it.

This complaint is without legal basis. The general doctrine on this subject is that in devising a plan for the construction of public sewers the public authorities discharge a *quasi* judicial duty, involving the exercise of judgment and discretion with regard to general convenience, and that their wisdom in the performance of that duty is not subject to review in a private suit brought to recover damages because of their error. They owe to no individual the duty of devising such a plan as will afford to him sufficient drainage. *Child* v. *Boston,* 4· *Allen* 41; *Mills* v. *Brooklyn,* 32 *N. Y.* 489; *Johnston* v. *District of Columbia,* 118 *U. S.* 19; 2 *Dill.*

*Mun. Corp.* (*2d ed.*) 1046 (801) ; 20 *Am. & Eng. Encycl. L.* (*2d ed.*) 1199.

The present case is plainly distinguishable from those in which private damage results from an obstruction or lack of repair in a public sewer. In such cases, where the public authorities, after notice, have failed to remedy the nuisance, private actions have been maintained. It differs, also, from *Seifert* v. *Brooklyn,* 101 *N. Y.* 136, where the city, after the incapacity of a main sewer had been demonstrated, continued to build lateral sewers and connect them therewith, and was held responsible to a private suitor for damage caused by the overflow. There the damage seems to have resulted solely from the public structures, without any private drain laid by the plaintiff conducting the sewage to his property. Under similar conditions the right of private action for damages was denied in this state when it appeared that the overflow reached the plaintiff's property over the surface of a public street, thus creating a public as well as a private nuisance. *Waters* v. *Newark,* 27 *Vroom* 361; *S. C. on error,* 28 *Id.* 456. From the opinion in the case last cited it is inferable, but not decided, that if no public nuisance had resulted, the private remedy would have been sustained. But even in that aspect the case is quite different from the present. For if, after a private owner has made such a connection with a public sewer as its capacity warrants and as it was designed to accommodate, the public casts into that sewer sewage beyond its capacity to conduct to the common outlet, so that it must empty itself upon the private property, the case is essentially the same as if a sewer were built with the common outlet emptying directly upon the property. In such cases the public is generally held responsible. But in the present case the whole damage has been occasioned by the fact that the plaintiffs have made with the public sewer a connection which the pitch and capacity of the sewer did not warrant.

The fact that the plaintiffs' property was assessed for its share of the cost of the sewer does not affect the legal situ-

ation. It must be assumed that the assessment was only an equivalent for the benefit actually conferred, and so far as appears the sewer is fit to afford drainage for the parts of the house above the cellar.

Nor is it enough to cast responsibility on the defendant that a plug inserted in the connecting pipe within the cellar failed to exclude the sewage. It does not thence follow that the pipe or the trench in which it was laid was not the means of conducting the sewage to the cellar.

The notice mentioned in the declaration was also unavailing. It could not impose on the defendant the duty of constructing a public sewer which would meet the private needs of the plaintiff, and until such a duty arises the defendant is under no obligation to remedy the condition of which the plaintiffs complain. *Waters* v. *Newark, ubi supra.*

The defendant is entitled to judgment on the demurrer.