C. SPANGLER STILES v. CITY OF LAMBERTVILLE.

Argued November 13, 1905—Decided November 27, 1905.

1. A deliberative assembly may lawfully reconsider and annul a vote previously taken at the same meeting.
2. The session of a deliberative assembly, which is held in pursuance of a special motion, adopted at a regular meeting, to adjourn the meeting to a fixed time, is a continuation of the regular meeting, and at such session the assembly can do anything that it could have done at the earlier session.

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON, GARRISON and SWAYZE.

For the relator, *Richard S. Kuhl.*

For the defendant, *Waller F. Hayhurst.*

The opinion of the court was delivered by

DIXON, J. In pursuance of "An act to establish an excise department in cities of this state," approved April 8th, 1902 (*Pamph. L., p.* 628), an ordinance for that purpose was adopted in the city of Lambertville on March 14th, 1903, and under it a board of excise commissioners was duly organized. The fourth section of the ordinance provides

that "in case of the  *  *  *  resignation  *  *  *  of any member of said board  *  *  *  the common council shall appoint another person in his stead." At a regular meeting of the council, held on August 7th, 1905, a member of the board sent in his resignation to take effect immediately and the council accepted it. Thereupon, on motion, the relator was appointed by unanimous vote to fill the vacancy. Before these proceedings, the council, having under consideration an appropriation for the fire department, laid it over for one week and resolved that when the council adjourned it would adjourn to meet on August 14th, at eight o'clock in the evening, and subsequently the council so adjourned. When the council reassembled, on August 14th, a motion was made to reconsider the vote by which the relator had been appointed, and that motion prevailed. On further motion, the matter of appointing a member of the excise board was left open for a month.

The act of 1902 requires the excise commissioners to give such bond for the faithful performance of their duties as the council shall fix by ordinance, and the ordinance requires that each person appointed as a member of the board shall, before entering upon the duties of the office, take an oath, &c., and give bond, &c., to be approved by the council. The relator took the required oath on August 8th, but when, on August 14th, he tendered a bond to the council, it was refused because of the reconsideration above stated. The application of the relator is for a *mandamus* ordering the council to approve his bond and give him a certificate of election.

The proposition that every deliberative assembly may reconsider any vote previously taken at the same meeting was adjudged by this court in *State* v. *Foster*, 2 *Halst.* 101. In other tribunals it has sometimes been denied (*State* v. *Barbour*, 53 *Conn.* 76) and sometimes been admitted (*Baker* v. *Cushman*, 127 *Mass.* 105). In this state it has more than once been affirmed and should be regarded as settled. *Jersey City* v. *Howeth*, 1 *Vroom* 521, 529; *Whitney* v. *Van Buskirk*, 11 *Id.* 463, 467. In the present case the

general doctrine is expressly supported by a rule of the council, providing that "when a motion or resolution has been once made and carried * * * it shall be in order for any member voting with the majority to move for a reconsideration of the vote at the same meeting."

The next question, therefore, is whether the session of August 14th was the "same meeting" as the session of August 7th.

The authorities hold that the session of a deliberative assembly, convened in pursuance of a special motion, adopted at a regular meeting, to adjourn the meeting to a stated time, is a continuation of the regular meeting, and at such session the assembly can do anything that it could have done at the earlier session. 1 *Dill. Mun. Corp.*, § 287 (225); *State* v. *Jersey City*, 1 *Dutcher* 309, 312; *Staates* v. *Borough of Washington*, 15 *Vroom* 605, 611; *Lantz* v. *Hightstown*, 17 *Id.* 102, 107.

At the session of August 14th, therefore, the council legally reconsidered the vote appointing the relator, and such reconsideration annulled the appointment.

The rule for a *mandamus* must be discharged.