JAMES M. GULNAC, DEFENDANT IN ERROR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, PLAINTIFF IN ERROR.

Argued June 19, 1906—Decided July 3, 1906.

1. The right of a deliberative body to reconsider its action in a matter of a judicial or *quasi* judicial character ceases when a final determination has been reached.
2. The determination reached by a deliberative body in a matter of a judicial or *quasi* judicial character is final as soon at least as the existence of the body ends.

On error to Supreme Court.

For the plaintiff in error, *Peter W. Stagg.*

For the defendant in error, *Wendell J. Wright* (*Ernest Koester* and *Edmund W. Wakelee* on the brief).

The opinion of the court was delivered by

SWAYZE, J. The defendant in error brought up by *certiorari* a resolution of the freeholders of Bergen, adopted January 1st, 1906, rescinding a resolution adopted by the former board on December 4th, 1905, declaring that the county buildings were inadequate, and that new buildings were necessary. The Supreme Court set aside the rescinding resolution. The only question presented by this writ of error is the validity of the action of the freeholders on January 1st, 1906.

The original resolution of December 4th, 1905, was adopted in pursuance of the act of April 3d, 1902. *Pamph. L., p.* 369. The act provides that upon the adoption of such a resolution a county building committee shall be constituted, and by the act of 1901 (*Pamph. L., p. 79*) this committee is empowered to erect and furnish county buildings. Such a committee was appointed pursuant to the statute immediately upon the passage of the resolution of December 4th, and the

resolution of January 1st, if valid, has the effect of abolishing the offices of members of this committee.

We think it unnecessary to pass upon the general question of the power of a board of freeholders to reconsider action which is judicial or *quasi* judicial in its nature. This question has been recently before the Supreme Court, and the power to reconsider an appointment at the same or an adjourned meeting has been affirmed. *Stiles* v. *Lambertville,* 44 *Vroom* 90. The present case is distinguished by the fact that the resolution of January 1st was adopted by a different board from that which adopted the prior resolution. The terms of fourteen members of the board of 1905, a majority of the whole, expired at noon on January 1st. The resolution in question was adopted by twelve members of the new board, who met at noon on that day, in the absence of their eleven associates.

It has been held in the Supreme Court that the right of a deliberative body to reconsider its vote in matters of this kind ceases when a final determination has been reached. *Whitney* v. *Van Buskirk,* 11 *Vroom* 463. With this view we agree. We think further that the determination reached is final as soon at least as the existence of the body to which the law entrusts the decision ends. Subsequent adverse action by a different body is repeal rather than reconsideration. The legislature in the present case has entrusted the decision of the question of fact to one board of freeholders. It has not required the concurrent action of two successive boards.

Although only a portion of the board of freeholders goes out of office each year, the body itself is not a continuous body. The reasons which led to the decision that the senate of New Jersey is not a continuous body are quite as cogent in the case of a board of chosen freeholders. *State* v. *Rogers,* 27 *Vroom* 480, 622.

The fact that the board of 1905 had a rule which authorized a reconsideration at the next regular meeting is not important. That was a mere rule of procedure, and affected the action of the board of 1905 only. The regular meeting referred to in the rule could only be a regular meeting of the

board which was governed by the rule. Even if the same rule were adopted by the new board, the effect could not be to require more than the legislature had seen fit to exact.

It was argued that because the municipal corporation created by the legislature to administer the affairs of counties is perpetual, the body which actually exercises those powers is also perpetual, but the distinction is as clear as the distinction between a private corporation and its board of directors, and was recognized in the very case cited by counsel upon the argument. *Allen* v. *Freeholders of Hunterdon, 42 Vroom* 247. In that case, although no new corporation had been established, the Supreme Court directed that notice should be given to the new board of freeholders, evidently for the reason that the persons charged with the defence of the county's interests had changed, although the corporation, which had already been made a party to the writ, remained the same.

The judgment under review must be affirmed, with costs.

GREEN, J. (concurring). I file this brief memorandum of my views because, although I concur in the affirmance of the judgment reviewed, I do not reach this result by a line of reasoning exactly the same as that pursued in the prevailing opinion.

The proceedings taken up to the Supreme Court by the writ of *certiorari* in this case were, in particular, these:

"Moved by Kruger, seconded by Alyea,

"That the vote by which the resolution declaring the court-house and public buildings in use for public offices to be inadequate, passed at the last meeting, be reconsidered.

"Upon roll-call, twelve members present voted in the affirmative. The resolution was declared carried unanimously.

"The director then announced that the original resolution was before the board for action.

"A vote upon the same, being called for, resulted as follows: [All voting No.] The original resolution was declared lost."

The original resolution (or resolutions) referred to was in these words:

"*Resolved,* That the county buildings, including the court-house, sheriff's office, jail, county clerk's office, · and other offices now in use for ·public offices, are inadequate for the needs and uses of the county, and that new buildings for such purposes. are necessary; and be it further

"*Resolved,* For the purpose of acquiring necessary land, and the construction of a building, that the county building committee be constituted in the manner provided by the statute in such case made and provided."

These resolutions had been adopted by the board of free-holders of Bergen, at their regular meeting held on the first Monday of December, A. D. 1905, under the authority of chapter 47 of the acts of 1901 (*Pamph. L., p.* 79), as amended by chapter 122 of the acts of 1902. *Pamph. L., p.* 369. Immediately after the adoption thereof the county building committee was created in the manner and with the powers pointed out by the statute. Afterwards, at the regular meeting held on the first Monday of January, A. D. 1906 (fourteen newly-elected members being then entitled to seats), a majority of the board of freeholders of Bergen adopted the resolution which has been brought up by the writ, and which, if sustained, would terminate, or tend to terminate, all proceedings looking to a new court-house and county buildings.

*First.* The official action of a legal body which is the result of judgment and discretion is a judicial act rather than a legislative one. See *Supervisors of Onondaga* v. *Briggs* (1846), 2 *Den.* 26, 39; *Mills* v. *City of Brooklyn* (1865), 32 *N. Y.* 489, 495; *East River Gas Light Co.* v. *Donnelly* (1881), 25 *Hun* 614; *Harrington* v. *Township of Wood-bridge* (1903), 41 *Vroom* 28, 29; see, also, *Grider* v. *Tally* (1884), 77 *Ala.* 422, 425. · Again, an act which determines the rights and duties of parties under existing law with rela-tion to existing facts is judicial rather than legislative. See *Mabry* v. *Baxter* (1872), 67 *Tenn.* 682; 690; also, *Sinking*

*Fund Cases* (1878), 99 *U. S. S. C.* 700, 761, per Justice Field.

Whichever of these statements of principle we may apply to the earlier resolutions of the freeholders of Bergen, they appear to be of a judicial nature. A declaration that the court-house and buildings in use are inadequate is not an ascertainment of a simple fact, or one which leads to a plain duty, but is an opinion based upon a congeries of facts—an opinion that might be altered upon a fuller investigation. Furthermore, the inadequacy of the court-house and buildings is to be ascertained upon a basis of existing facts, and consequent thereupon the right and duty of proceeding to acquire suitable lands and to erect suitable buildings for the public use must be determined in accordance with existing law.

*Second.* Notwithstanding that the acts of a deliberative body are of a judicial nature, it is within the power of such body to reconsider or rescind them within a proper time. That this is accepted law in this state sufficiently appears from cases now to be cited.

In *State, Borden, pros.,* v. *Justice* (1854), 4 *Zab.* 413, 418, six chosen freeholders were appointed to review the laying out of a public road. They met and viewed the road, and, after consulting together, took a vote, when three voted to sustain and three to set aside the road. Before they separated, however, they reconsidered their vote, and four then agreed, and signed a certificate that in their opinion the laying out of the road was unnecessary and injurious. This, the Supreme Court held, the freeholders had a perfect right to do.

In *State, Shreve, pros.,* v. *Crossley, Collector* (1872), 7 *Vroom* 425, 428, there was an appeal from an assessment of taxes. The commissioners of appeal, after hearing the appeal and consulting together, determined to make a deduction of debts, and marked privately such allowance on a sheet of paper containing memoranda relative to other appeals, but in the afternoon of the same day the commissioners reconsidered the subject, and determined to allow the assessment to stand in its original form. This court, affirming the judg-

ment of the Supreme Court, held the course of proceeding to be unobjectionable, and said: "All bodies possessing judicial capacity have the competency to consult, resolve and reconsider, and they are not bound by their conclusions until such conclusions have been promulged by their authority."

In *State, ex rel. Whitney,* v. *Van Buskirk* (1878), 11 *Vroom* 463, 467, a chief of police, lawfully in office, tendered his resignation, to take effect on a day certain. The resignation was accepted. The mayor nominated a successor to take office on the same day certain, and the board of councilmen confirmed the nomination. At a subsequent meeting the councilmen reconsidered the votes by which the resignation was accepted and the appointment confirmed. The relator denied the validity of the new appointment on the ground that the office had not been vacated by him, his resignation not having taken effect by final acceptance. Upon demurrer, the Supreme Court gave judgment for the defendant, holding that it was the right of the board of councilmen to reconsider its vote and to vote as often as it should see fit upon the matter of acceptance, until, by a vote treated as conclusive by itself, a determination should be reached; that a final determination might be evinced by subsequent action inconsistent with a purpose of further review, and that conclusive evidence of such determination was to be found in the nomination by the mayor to fill the vacancy caused by the acceptance of the resignation and the confirming of the nomination by the councilmen.

*Third.* It is, I think, within the doctrine of the foregoing cases, taken together, to hold that when, after the adoption of the resolutions of the first Monday of December, A. D. 1905, the next orderly step in the business of providing a courthouse and county buildings, furnished and ready for occupancy, was taken, with the participation or acquiescence of the board of freeholders, unaffected by fraud, the matter passed beyond the reach of the board by way of subsequent review. Under the statutes of 1901 and 1902 already referred to, the next orderly step, after the adoption of the resolutions, was the appointment by the director of two members

of the board of freeholders to constitute, with him, the county building committee. No fraud in the proceedings being alleged, and no objection being interposed, such appointment, publicly made, marked the end of the space and time for reconsideration.

The judgment brought here on error should therefore be affirmed.

It will be perceived that I do not at all rely upon the idea that the board of freeholders is not a continuous body, or upon any points of similarity between a county or county government and a private corporation, or between a board of freeholders and a board of directors. As I humbly conceive, these matters are sufficiently open and sufficiently important to demand, on proper occasion, diligent inquiry in this court, and should not now be treated as postulates from which further reasoning may proceed as to matters possibly of less importance.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.