LEO F. HEINTZ, RESPONDENT, v. THE BOROUGH OF ESSEX FELLS, A MUNICIPAL CORPORATION, APPELLANT.

Submitted February 11, 1930—Decided October 20, 1930.

For the appellant, *Frazer & Trimble.*

For the respondent, *Arthur B. Seymour.*

The opinion of the court was delivered by

McGLENNON, J. The plaintiff sued defendant, a municipal corporation, for damages resulting from the pollution of a stream running through his farm to such an extent that the water was rendered unfit for use by his horses, cows and chickens; and also for the burning of a fence surrounding his pasture, caused by the ignition of oil upon the surface of the stream. He recovered a verdict, and judgment was entered thereon in the Essex County Circuit Court, from which action defendant appeals to this court.

The grounds of appeal are stated as follows:

1. The trial court sustained the objection of plaintiff's counsel, to the following question addressed upon cross-examination to the plaintiff: "What did you say when you went out there and looked at the oil?" said question being addressed to the credibility of the plaintiff.

2. Because the court charged as follows: "Of course, it may be assumed from the evidence in this case, that the oil which was placed upon the roads was within the limits of Essex Fells. The mayor tells us that oil was put upon those roads. It may be that some of this oil which came into this brook came from the oil which was put upon those roads; but the municipality had not any more right to discharge oil from its roads, if it knew that that was the effect of placing the oil upon the roads, into this brook and polluting it, than it had to discharge oil from its plant. Whereas the defendant is not liable in damages for injuries sustained growing out of the exercise of its governmental functions."

There was proof presented that plaintiff had owned a small farm in West Orange for over thirty years, upon which he maintained certain horses and cattle, which were accustomed to drink at a brook, or small stream, which meandered through the farm and pasture. In 1918 the borough of Essex Fells erected a pumping station near the bank of this brook, higher up the stream. After that an oily scum appeared upon the surface of the water, and the cattle and horses refused to drink therefrom, and plaintiff was compelled to procure water elsewhere for that purpose. It appeared

upon one occasion that the oil upon the water ignited and set fire to a portion of the fence surrounding plaintiff's pasture. The source of this oil was traced along the brook, and was found to come from the pumping station, and was observed to issue therefrom, through a drain leading towards the brook, and actually discharging into the brook. Certain barrels containing oil were also found sunk into the ground near the station, from which seepage of oil was possible, and it was admitted that on occasions the accumulated waste oil resulting from the operation of the pumping plant was thrown out upon the surface of the adjacent roads that sloped towards the stream.

This situation of affairs was shown to have existed for a number of years, and this appeal does not raise any question as to the proof of damage and amount of the recovery by plaintiff, but rather raises the question of legal liability of the defendant for such damages.

The first question goes to the exclusion of a question, asked of the plaintiff on cross-examination and objected thereto. The plaintiff had been asked whether he had entered into a discussion with another, as to the probability that the oil upon the water was sufficient to become ignited or not, and he answered that he had no such conversation or discussion. He was then asked, "What did you say when you went out there and looked at the oil?" The question is sought to be justified, as stated in the ground of appeal, as one tending to test the credibility of the witness. The brief contends that he might have answered that he was in doubt whether there was enough oil to ignite, and in order to prove it had kindled the blaze which resulted in the fire, and thereby convict himself of contributory negligence. Aside from his general denial of any such discussion, the question as framed was not calculated to draw forth such an admission as indicated, nor any other fact affecting his credibility. He might properly have been asked directly, whether he had ignited the oil, but the pertinency of the excluded question is not apparent, and there was no error in its exclusion. *Disque* v. *State,* 49 *N. J. L.* 249. As the plaintiff later expressly denied (page 79, state of case,

line 10) that he had thrown a lighted brand into the water, and as there was no affirmative proof to the contrary, we fail to see that the defendant suffered any injury to his cause, or that there was an abuse of discretion in the trial court in excluding this question.

The other ground of appeal complains of the portion of the charge of the court, as above quoted. The supporting argument seems to be that this excerpt deprived the defendant from the benefit of the general rule of exemption of municipalities from liability for negligence, and removed from the consideration of the jury whether the oil did not come from road construction or maintenance work by the borough. This objection, upon review, is not well founded in fact. The court expressly stated that the defendant was exempt from liability for injuries growing out of the exercise of its governmental functions, and the case is empty of any proof that the municipality was so engaged in the road work involved on the occasions when the oil waste was dumped or thrown out upon the roads adjacent to the pumping station, or emptied through a drain and discharged into the brook. The charge as a whole, and this portion of it, reviewed the evidence as to the source of this oil and the manner in which it was discharged into the stream. The court therefore correctly instructed the jury that the defendant was liable for any direct acts of negligence, and left it squarely up to the jury to determine whether the defendant did discharge oil into the stream, and so pollute it, and whether the plaintiff suffered damage thereby.

The rule in such cases is laid down in *Olesiewicz* v. *Camden,* 100 *N. J. L.* 336, as follows:

"It is only where the business or work of the municipality is confined to the exercise of a strictly governmental function, free from any active wrong-doing on its part, that immunity from responding in damages to persons injured through the negligence of its public officers, agents or servants, is warranted."

There was ample and conclusive evidence, under this rule, to sustain the verdict, and the judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.