8 N.J. Super. 221 (1950)
73 A.2d 747
CLARISSE MILSTREY AND ANOTHER, PLAINTIFFS-RESPONDENTS,
v.
CITY OF HACKENSACK AND ANOTHER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 1950.
Decided June 8, 1950.
*223 Before Judges JACOBS, DONGES and BIGELOW.
Mr. George F. Losche argued the cause for respondents.
Mr. Ralph W. Chandless argued the cause for appellants (Messrs. Chandless, Weller, Kramer & Frank, attorneys), (Mr. John Frank, Jr., of counsel, and Mr. Dominick Fondo, on the brief).
The opinion of the court was delivered by BIGELOW, J.A.D.
The City of Hackensack and Lester K. Fishbough appeal from a judgment rendered against them and in favor of Clarisse Milstrey and her husband, for injuries received by Mrs. Milstrey in a sidewalk accident in October, 1948. The City, in January, 1947, had cut a trench through the sidewalk in order to repair a traffic light which was located at the curb, and when the apparatus had been fixed, filled in the hole, putting bituminous concrete on top and so made a smooth surface, level with the rest of the sidewalk. The work was done under the immediate direction of Mr. Fishbough, who was Superintendent of Public Works of the City. There was evidence from which it might be inferred that bituminous concrete was not a suitable material for more *224 than a temporary patch. At any rate, in the course of time the patch became broken in spots, and at one place there was a depression of about an inch and a half or two inches. Mrs. Milstrey tripped in the hollow and was thrown to the ground.
A municipality is under the same liability as a private corporation, for torts committed in the exercise of its nongovernmental or proprietary functions. Olesiewicz v. Camden, 100 N.J.L. 336 (E. & A. 1924); Heintz v. Essex Fells, 107 N.J.L. 166 (E. & A. 1930); Martin v. Asbury Park, 111 N.J.L. 364 (E. & A. 1933). But the liability of the City of Hackensack cannot be sustained on this basis, for maintenance of traffic lights and of sidewalks is a governmental function.
A municipality is exempt in certain cases from liability for torts incidental to its political or governmental side. Until recent years, it was considered that a county or municipal corporation was not liable to an individual for special damage suffered by him from a public wrong caused either by a failure to perform a public duty, or by negligence in its performance. For example: Failure to provide a guard rail on the approach to a bridge; Freeholders of Sussex v. Strader, 18 N.J.L. 108 (Sup. Ct. 1840). Construction of manhole in street and failure to fill in the street so as to be level with it; Pray v. Jersey City, 32 N.J.L. 394 (Sup. Ct. 1868). Negligently laying out sewers so that they overflowed; Waters v. Newark, 56 N.J.L. 361; affirmed, 57 Id. 456 (1894). Using an unsuitable material, sand, to repair a highway, in consequence of which it washed out, leaving a dangerous hole; Buckalew v. Freeholders of Middlesex, 91 N.J.L. 517 (E. & A. 1918). In all these cases the municipality won. But more recent decisions narrow considerably the municipality's exemption. In Allas v. Rumson, 115 N.J.L. 593 (E. & A. 1935), reversing 114 Id. 227, the plaintiff, leaving police headquarters at night and while still on the city property, fell into a "depressed ramp" and was injured. The City had neither lighted the way nor placed a guard rail around the ramp. Our court of last resort held the municipality liable, *225 saying that "exemption from liability does not extend to private injury resulting from active wrongdoing. * * * The true distinction seems to be whether the private injury has resulted from a wrongful act or positive misfeasance, as distinguished from mere negligence. * * * The misfeasance consisted in the building of a ramp so fashioned as to constitute a place of danger."
In Fredericks v. Dover, 125 N.J.L. 288 (E. & A. 1940), the municipality was again held not exempt. It had constructed a metal covering over a storm gutter within the street lines at a place where pedestrians crossed. The design of the cover violated good engineering practice in that it was smooth and sloped down toward the sidewalk instead of being level. Newman v. Ocean Township, 127 N.J.L. 287 (E. & A. 1941), held the Township answerable for damages caused by a defective curbing. The concrete of which it was made was of inferior quality, the binding material was not suitable and the curb was laid without proper foundation. See also Fratello v. Newark, 133 N.J.L. 19 (E. & A. 1945).
A comparison of the factual situations in the two groups of decisions above cited, indicates the development of the law. If we interpret the later cases aright, it is now the law that the municipality is answerable to the individual suffering special damage as the proximate result of the negligent manner in which the municipality performs a public duty.
There was evidence in the trial now under review, to support a finding that the accident was caused by defects in the sidewalk and that the defects were caused by the negligent manner in which the City patched the walk after filling in the trench. This was sufficient to support a judgment against the municipality.
The appellant Fishbough argues that a verdict should have been directed in his favor, since he owed no duty to plaintiffs, but only to his co-appellant, the City. "We think that a sound public policy requires that public officers and employees shall be held accountable for their negligent acts *226 in the performance of their official duties to those who suffer injury by reason of their misconduct." Florio v. Jersey City, 101 N.J.L. 535 (E. & A. 1925).
We have considered the other points presented and find in them no reason for reversal. The judgment is affirmed.