DOROTHY FREDERICKS AND SAMUEL FREDERICKS, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. TOWN OF DOVER, DEFENDANT-APPELLANT.

Argued May 24, 1940—Decided October 10, 1940.

For the plaintiffs-respondents, *Paul Colvin*.

For the defendant-appellant, *Samuel C. Meyerson*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment in favor of the plaintiffs-respondents and against the defendant-appellant entered on a verdict of a jury in an action in negligence to recover for injuries sustained by the respondent Dorothy Fredericks, when she fell on a metal covering of a storm gutter located within the street lines of Mount Hope avenue, in the town of Dover, and for damages of her husband, Samuel Fredericks, the other plaintiff-respondent, as the result of his wife's injuries.

The complaint charges that the town of Dover, the appellant, owed the respondent Dorothy Fredericks a duty to

refrain from active wrong doing and that this duty was violated when the appellant negligently constructed a sidewalk, road, and gutter in the location in question in such a manner as to constitute active wrong doing on its part in that it placed a metal covering over the gutter, constituting an extension of the sidewalk, at a dangerous pitch and that the same was extremely smooth so that it constituted a hazard to persons walking thereon.

The answer set up a general denial and three separate defenses: (1) the statute of limitations, (2) contributory negligence, (3) that the duty of maintaining the road was solely that of the county of Morris.

Under the respondents' theory it became essential that they prove the hazard or danger complained of was the result of a failure in the design or plan or the wrongful construction of the sidewalk, road, and gutter, rendering their use dangerous and likely to cause harm to persons, exercising proper care, lawfully using the sidewalk, road, and gutter, and that the appellant was the active agent or instrument in the creation of this perilous condition. *Robinson* v. *Ocean Township*, 123 *N. J. L.* 525, 528; *Allas* v. *Rumson*, 115 *Id.* 593, 596.

The street improvement in question was erected in 1924, by the appellant and under its supervision. A properly qualified engineer, testifying on behalf of the respondent, testified that, in his opinion, the construction of the gutter and cover in the form in which it was erected and existed violated good engineering practice. He based this conclusion upon two reasons: first, that there was a grade of one inch per foot in the cover, resulting in a dangerous pitch, for use by pedestrians, and secondly, that the plate was a smooth type, when good engineering practice required that a corrugated or multigroove plate be used, stating that the advantage of the corrugated or multigroove plate is that it is much more difficult to slip on than the ordinary smooth type plate used in this construction. He testified that the pitch in the plate could have been avoided in the original construction by raising the pitch of the sidewalk, entailing only a small additional expense.

The witnesses for the appellant testified that this particular cover and gutter were properly constructed and as to the type of plate used, the town engineer conceded that the corrugated or multigroove plate affords a greater protection, but that both types are slippery under certain conditions.

The trial court submitted the issue to the jury and charged that the municipality could only be held liable if the plaintiff had made out a case of active negligence. The jury returned a verdict in favor of the respondents and against the appellant and the judgment under review was entered thereon.

The first point made by the appellant is that, at the time of the accident, and for more than ten years prior thereto, the street in question, including the place where the accident occurred, was a county road under the sole jurisdiction, maintenance and ownership of the county of Morris, therefore the suit is barred by the statute of limitations. The appellant argues that in order to hold it responsible three elements must be shown; (1) that the original construction was an active wrongdoing for which a private action could be brought; (2) that this condition constituted a public nuisance which was being maintained by the town of Dover, and (3) that, at the time of the accident, and for two years prior thereto, the condition was maintained by the town of Dover. The law is well settled that any obstruction or erection in a public highway which interferes with the rights of a person lawfully passing thereon amounts to a common or public nuisance for which a municipality is charged with the responsiblity if it was an active agent or instrument in the creation of the perilous condition. *Hart* v. *Freeholders*, 57 *N. J. L.* 90; *Allas* v. *Rumson, supra; Robinson* v. *Ocean Township, supra.* And it is equally well settled that an action lies against him who creates a nuisance and likewise against him who continues a nuisance created by another. One is liable for a nuisance on the ground, either that he has purposely or negligently created it or that he continues it, and the creator of the nuisance puts it in the power of others to continue it. It is a fundamental principle that he that does the first wrong shall answer for all consequential damage, and in a case such as here presented, the original erection does influ-

ence the continuance and it remains a continuance from the very erection till it be abated. *Garvey* v. *Public Service, &c., Transport Co.,* 115 *N. J. L.* 280 (at *p.* 284) ; *Cf. Lindeman* v. *S. S. Kresge Co.,* 122 *Id.* 326; *affirmed,* 124 *Id.* 129.

Under our statute, *R. S.* 2 :24-2, the accrual, of the cause of action, is the prescribed injurious event from which the period of limitation is to be computed. By the accrual of the cause of action is meant the right to institute and maintain a suit. *Weinstein* v. *Blanchard,* 109 *N. J. L.* 332 (at *p.* 336) ; *Larason* v. *Lambert,* 12 *Id.* 247; 37 *C. J.* 810 ; 17 *R. C. L.* 764. The respondents here had no right to institute and maintain their suit until the wife sustained the injury and damage for which she seeks recovery. *Weinstein* v. *Blanchard, supra; Cf. Church of Holy Communion* v. *Paterson, &c., Railroad Co.,* 66 *N. J. L.* 218, 225.

The second point made by the appellant is that the construction of the gutter cover was not an act of active wrong doing for which it can be held liable. The argument of the appellant under this point is addressed to the weight of the expert testimony. It was for the jury to decide whether the gutter cover was negligently and improperly designed or constructed.

The third point of the appellant is that the respondent knew of the alleged dangerous condition existing, and assumed the risk involved, and was thereupon guilty of contributory negligence. The proofs fall far short of showing contributory negligence or assumption of risk, so-called, by the respondent, as a matter of law.

The fourth point relates to the refusal of the trial court to charge the appellant's first request to the effect that the appellant cannot be held responsible for ordinary negligence but can only be held responsible for active wrong doing. The gist of the appellant's complaint with respect to this point seems to be that the court properly charged the law but that the jury either disregarded or misconceived the instructions. An examination of the charge discloses that the court clearly and unequivocally and with considerable directness charged the law applicable and fully covered the law contained in the appellant's request.

The fifth point is that the trial court erred in excluding testimony by the clerk of the board of freeholders and the clerk of the town of Dover with reference to the maintenance, control and possession of the street in question since 1928. The purpose of this testimony was to absolve the appellant of any liability of active wrong doing in the original construction by showing that the duty to maintain the road had been transferred to the county of Morris by agreement.

On the plaintiff's case it was developed, on cross-examination, without objection, that the appellant has not maintained, repaired or in any way had jurisdiction over the road in question since 1928 or 1929. Apparently the road was taken over under a contract made between the town of Dover and Morris county, made under the provisions of *R. S.* 40 :67-25, 26. The appellant, on its part, attempted to prove a resolution of the board of freeholders of the county of Morris in 1928 authorizing the taking over of the road as a county road. This was objected to as immaterial in view of the theory on which the plaintiff sued, and the trial court sustained the objection on that ground. The same question was asked of the town clerk of Dover. This question was objected to and the objection sustained for the same reason.

As previously pointed out, a duty of this type cannot be delegated or transferred prior to the abatement of the nuisance. The court was not in error in excluding the proffered proof.

The sixth point is that the trial court erred in refusing to grant the appellant's motions for nonsuit and for a direction of verdict in its favor. We are of the opinion that the proofs presented questions which required submission to the jury.

The judgment under appeal will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—PERSKIE, WOLFSKEIL, JJ. 2.