111 N.J. Super. 370 (1970)
268 A.2d 338
BOBBY C. GILLIAM, AS GENERAL ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROBERT JOHN GILLIAM, DECEASED; KENNETH GILLIAM, AN INFANT, BY HIS GUARDIAN AD LITEM, BOBBY GILLIAM, AND BOBBY GILLIAM INDIVIDUALLY; JOHN V. VILLACARI, AS GENERAL ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF RUTH VILLACARI, DECEASED, PLAINTIFFS,
v.
ADMIRAL CORPORATION, A FOREIGN CORPORATION, PRINCE RANGE CO., NEOFITOS CHIROMERAS, HELAINE CHIROMERAS, JOSEPH CATALFAMO AND ROSEMARIE CATALFAMO, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 29, 1970.
*372 Mr. James N. Marinello, argued the cause for defendants, Joseph Catalfamo and Rosemarie Catalfamo (Marinello, Henkel, Soriano & Klein, attorneys).
Mr. Ralph N. Capone, argued the cause for plaintiffs (Giannone & Capone, attorneys).
Mr. James B. Moran, argued the cause for defendant, Admiral Corporation (Hughes, McElroy, Connell, Foley & Geiser, attorneys).
*373 Mr. Rocco L. D'Ambrosio, appeared for defendant, Prince Range Co. (Gaffey, Webb & McDermott, attorneys).
Mr. Charles K. Kurebanas, argued the cause for defendants, Neofitos Chiromeras and Helaine Chiromeras.
KAPP, J.S.C. (temporarily assigned).
This is a motion for summary judgment by the defendants, Joseph Catalfamo and Rosemarie Catalfamo. The plaintiffs, as administrators ad prosequendum, instituted the within action for damages on September 26, 1969 for personal injuries suffered by the decedents, and for the pecuniary loss sustained by their next of kin as the result of their death by fire that occurred on October 31, 1968 at premises 395 So. 21st Street, in the Town of Irvington, Essex County, New Jersey, that were formerly owned by the defendants. Specifically, it is charged in the 29th and 33rd counts of the complaint, that the defendants "created, constructed and maintained the premises more particularly the second floor and fire escape thereto, in such a careless, reckless and negligent manner * * *" that the plaintiffs' decedents were severely injured, which injuries culminated in their death on October 31, 1968.
The uncontroverted proof is to the effect that these defendants were the owners and in possession of the subject premises from April 30, 1957 to March 26, 1962; that during the month of July or August 1957 the defendant, Joseph Catalfamo installed a steel ladder at the rear of the said building extending from the ground to the top of the second floor; that there were no other changes to the second floor structurally or otherwise while the defendants were in possession either as owners or tenants of the said premises; that the defendants conveyed the said lands to Neofitos and Helaine Chiromeras on or about March 26, 1962 and then vacated the premises as tenants on April 25, 1962.
The general principle is clear that one who erects a structure or construction which thereby creates a nuisance and then conveys to another his title and the lands and *374 premises on which the structure or construction exists and is maintained, with a covenant in the deed of conveyance for quiet enjoyment and the right to maintain such structure or construction, is therefore liable for the continuance of the nuisance upon the ground that he affirms it, and must be regarded in law as continuing it. He is the author of the original wrong, and by thus transferring the premises with the original wrong still existing, he is treated in legal effect as affirming its continuance. East Jersey Water Co. v. Bigelow, 60 N.J.L. 201 (E. & A. 1897); Stevenson, "Law of Negligence in The Atlantic States" (1954) p. 447.
Under the common law no time was fixed for the bringing of an action. Limitations, as such, are the creatures of statutes and derive their sole authority from these statutes. They are vital to the welfare of society and are consequently favored in the law, and are to be found and approved in all systems of enlightened jurisprudence. They promote repose by giving the necessary security and stability to human affairs. An important public policy lies at their foundation. They stimulate activity, and punish indolence and negligence. The death or removal of witnesses, factual obscurity from lapse of time, and loss of vital records are the common handicaps to be encountered absent a reasonable limitation. Leake v. Bullock, 104 N.J. Super. 309 (App. Div. 1969). Angell, "Limitations of Actions" [4th ed.] Sec. 22 states: "Without destroying, therefore, and simply prescribing a period in which a right may be enforced; and withholding merely the remedy, after the lapse of an appointed time, for reasons of private justice and public policy, a statute of limitations, it has been uniformly considered, is no violation of the sacredness of private rights." Hence our legislature adopted N.J.S. 2A:14-1.1, N.J.S.A. on May 18, 1967 which was designed to bar an action for damage arising out of a defective and unsafe condition of an improvement to realty more than ten years after its construction. The statute reads:
*375 "No action whether in contract, in tort, or otherwise to recover damages for any deficiency in the design, planning, supervision or construction of an improvement to real property, or for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than 10 years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant, or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."
It is apparent however, that the legislature intended by this limitation to preserve the common law principle of liability in the case of any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought.
The defendants contend that on the basis of the undisputed facts and the provisions of N.J.S. 2A:14-1.1, N.J.S.A. the plaintiffs are barred from maintaining the action against them. In resisting the motion it is asserted that since the cause of action accrued on October 31, 1968 and that the suit was entered on September 26, 1969 it comports with N.J.S. 2A:14-1, N.J.S.A. Moreover, it is suggested that since there are two components in this type of action: the creation of the defect and the injury which results therefrom, a statute enacted in 1967 to "create a veil of protection for defects caused more than ten years earlier" would, in effect, make one of the component parts retroactive. This contention is without merit. The tort of negligence is not committed unless and until some damage is done. Muller Fuel Oil Co. v. Insurance Co. of North America, 95 N.J. Super. 564, 579 (App. Div. 1967); Stevenson, "Negligence Law in New Jersey" (1954) p. 23. *376 Our courts have identified the accrual of the cause of action as the date on which "the right to institute and maintain a suit" first arose. Fredericks v. Town of Dover, 125 N.J.L. 288, 291 (E. & A. 1940). When dealing with a cause of action grounded on negligent injury or damage to person or property they have held that the cause of action accrued not when the negligence itself took place but when the consequential injury or damage occurred. Rosenau v. City of New Brunswick &c., 51 N.J. 130, 137 (1968). The injury in the case sub judice occurred on October 31, 1968.
Statutory language is to be construed within the context of the whole statute, its purposes, and the circumstances under which the words were employed, and to be given the generally accepted meaning, unless the contrary intent is clear, and in reaching the meaning of amendatory language, the court must look to the prior laws, the matters deemed to require correction thereunder and the remedy enacted. Grogan v. De Sapio, 11 N.J. 308 (1953).
Here the alleged improvement (fire escape or ladder) was constructed in July or August of 1957. The injury occurred more than ten years later on October 31, 1968. The defendants had divested themselves, as the owners of the real property and vacated the premises on April 25, 1962.
The statute clearly provides that "no action * * * shall be brought * * * more than 10 years after the furnishing of such * * * construction," Cf. Casey v. Alba Company, 75 Ill. App.2d 343, 220 N.E.2d 883 (1966).
Inasmuch as the pleadings and the affidavit show palpably that there is no genuine issue as to any material fact challenged, the motion by the defendants, Joseph Catalfamo and Rosemarie Catalfamo, for a summary judgment must be granted.