DULAN P. SELLERS AND GRACE W. SELLERS v. FRIEDRICH RE-
FRIGERATORS, INC., AND J. L. NICHOLS AND CECIL WALLACE,
PARTNERS, T/A COMMERCIAL EQUIPMENT COMPANY

No. 17

(Filed 14 March 1973)

1. **Limitation of Actions § 4— defective design and installation of heating system — accrual of action**

   A cause of action to recover damages for the destruction of plaintiffs' home by fire allegedly caused by the negligent manufacture and installation of a heating and cooling system in the home accrued and the statute of limitations began to run on the day the delivery of the defective equipment was completed.

2. **Limitation of Actions § 4— owners in possession — action for negligent manufacture and installation of heat pumps — statute of limitations**

   Where plaintiffs were in possession of a home when heat pumps were installed therein and continued in possession and control as owners until the date of a fire in the home, plaintiffs' action against a manufacturer and a contractor to recover fire damages allegedly caused by the negligent manufacture and installation of the heat pumps was governed by the three-year statute of limitations, G.S. 1-52(5), and not by the six-year statute of limitations, G.S. 1-50(5).

ON *certiorari* to the Court of Appeals to review its decision reported in 15 N.C. App. 723, 190 S.E. 2d 680 (1972), which reversed summary judgment in favor of the defendants by *Hubbard, J.,* at the 27 September 1971 Session of DUPLIN Superior Court.

Plaintiffs were the owners of a home in the town of Wallace, North Carolina. In May 1964 plaintiffs orally contracted with defendant Commercial Equipment Company for the installation of a heating system in this home. The installation was completed in the summer of 1965. On 25 January 1967 the home was destroyed by fire. This action was instituted on 8 October 1968. Plaintiffs allege that the fire which destroyed their home was proximately caused by defendant Friedrich

Refrigerators, Inc., in negligently designing and constructing the heating system, and by the concurring negligence of defendant Commercial Equipment Company in negligently installing it, thereby damaging plaintiffs in the amount of $64,800.

Defendants answered, denied negligence, and pleaded the three-year statute of limitations in bar of plaintiffs' action. On 15 September 1971 defendants filed motion for summary judgment on the ground that plaintiffs' cause of action accrued, if at all, more than three years prior to the institution of this action and therefore is barred by the three-year statute of limitations, G.S. 1-52. On 27 September 1971 all parties stipulated that the installation of the heat pumps was completed more than three years prior to the filing of this action. Defendants' motion for summary judgment on the ground that plaintiffs' action was barred by the three-year statute of limitations was allowed, and summary judgment for all defendants was entered on 30 September 1971.

Plaintiffs appealed and the Court of Appeals in an opinion by Judge Vaughn, concurred in by Judges Morris and Graham, reversed. We allowed *certiorari* on 8 November 1972.

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for Friedrich Refrigerators, Inc., defendant appellant.*

*Charles E. Nichols; Blossom & Burrows by William C. Blossom for Commercial Equipment Company, defendant appellant.*

*Crossley & Johnson by Robert White Johnson for plaintiff appellees.*

MOORE, Justice.

The determinative question is: Is an action by plaintiffs, owners in possession of real property, against manufacturer and contractor for negligent manufacture and installation of heating and cooling equipment on the real property governed by G.S. 1-52 (5), the three-year statute of limitations, or by G.S. 1-50 (5), the six-year statute?

G.S. 1-52 (5) provides a three-year statute of limitations "for criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated." The parties have stipulated that the instal-

lation of the heat pumps was completed more than three years prior to the filing of this action. In view of this stipulation, if G.S. 1-52(5) is the controlling statute of limitations, plaintiffs' action is barred.

In *Matthieu v. Gas Co.*, 269 N.C. 212, 152 S.E. 2d 336 (1966), plaintiff purchased a forced air furnace from defendant in August 1960. Four to six weeks after installation, plaintiff began to notice dirt and dust coming out of the register of the furnace. This condition continued to exist for four years with intermittent complaints by plaintiff. The furnace was repaired in December 1964, and the action was commenced in March 1965. This Court held that under G.S. 1-52 the statute of limitations of three years had run. Justice Branch stated:

> "A cause of action accrues and the statute of limitations begins to run whenever a party becomes liable to an action, if at such time the demanding party is under no disability. This rule is subject to certain exceptions, such as torts grounded on fraud or mistake, none of which are applicable to the instant case. However, the more difficult question is to determine when the cause of action accrues. In the case of *Mast v. Sapp*, 140 N.C. 533, 53 S.E. 350, this Court said: 'Where there is a breach of an agreement or the invasion of an agreement or the invasion of a right, the law infers some damage. . . . The losses thereafter resulting from the injury, at least where they flow from it proximately and in continuous sequence, are considered in aggravation of damages. . . . The accrual of the cause of action must therefore be reckoned from the time when the first injury was sustained. . . . When the right of the party is once violated, even in ever so small a degree, the injury, in the technical acceptation of that term, at once springs into existence and the cause of action is complete.' "

*Jewell v. Price*, 264 N.C. 459, 142 S.E. 2d 1 (1965), involves facts substantially similar to those in the instant case. In *Jewell*, pursuant to a written contract including plans and specifications, defendant, a general contractor, built for plaintiffs a residence which he delivered to them on 15 November 1958. The house was heated by a forced air furnace. On 18 January 1959 the house and all of its contents were destroyed by fire. On 12 January 1962 plaintiffs brought an action to recover the fire loss from the defendant. Evidence was offered which tended

to show that the fire resulted from a defect in the furnace. The Court held that G.S. 1-52 barred plaintiffs' action. Justice Sharp said:

". . . The accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained. *Mast v. Sapp*, 140 N.C. 533, 53 S.E. 350. It is unimportant that the actual or the substantial damage does not occur until later if the whole injury results from the original tortious act. . . . "

Any act of negligence or breach of contractual duty which results in injury to the plaintiff, even a nominal injury, commences the statutory period within which the action must be brought. *Matthieu v. Gas Co., supra; Jewell v. Price, supra; Motor Lines v. General Motors Corp.*, 258 N.C. 323, 128 S.E. 2d 413 (1962) ; *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957) ; *Connor v. Schenck*, 240 N.C. 794, 84 S.E. 2d 175 (1954) ; *Lewis v. Shaver*, 236 N.C. 510, 73 S.E. 2d 320 (1952).

[1]  In the present case, if the heat pumps contained a defect, plaintiffs sustained an injury on the day the delivery of the defective equipment was completed and the statute of limitations began to run. Any subsequent damage was only in aggravation of that injury. Therefore, if the three-year statute of limitations provided in G.S. 1-52 is applicable, the action is now barred.

Chapter 1157 of the Session Laws of 1971, now codified as G.S. 1-15 (b), apparently sought to change the rule as to the time when the cause of action accrued, as well as the time limitation. It provides that in cases other than for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, the cause of action is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event occurs first. It further provides that in such cases the period shall not exceed ten years from the last act of the defendant giving rise to the claim for relief. This Act became effective on 21 July 1971, but stated that it shall not affect pending litigation. The present action was instituted on 8 October 1968. Hence, Chapter 1157 is not applica-

ble, and this case must be decided under the statutes then existing.

[2] Plaintiffs contend that G.S. 1-52(5), the three-year statute, is not applicable and that G.S. 1-50(5), the six-year statute, is controlling. Defendants contend, however, that the second sentence in G.S. 1-50(5) plainly states that the six-year statute does not apply to plaintiffs as they were the owners in actual control and possession of the premises at the time of the improvements and the subsequent damages, and that plaintiffs' action is barred by the three-year statute. G.S. 1-50(5) states:

"No action to recover damages for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than six (6) years after the performance or furnishing of such services and construction. This limitation shall not apply to any person in actual possession and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action."

In a law review article discussing this statute, 7 Wake Forest Law Review 101, 105-106 (1970), the author states:

"It is interesting to speculate, however, upon the effect of the second sentence, which requires that a plaintiff not have been in possession and control at the time the condition of the improvement caused the actionable injury. Undoubtedly, this requirement will restrict the application of the statute to a relatively few factual situations, such as those involving a transfer of the property after the improvement is made to a subsequent owner or tenant, or those involving an injury to the person or property of a third person, neither an owner nor tenant. Presumably, a person in both possession and control of the improvement when it is made, or when the negligent act or breach of warranty occurs, must still bring his action within the

limitation prescribed by G.S. 1-52. The statutory language, '. . . at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury . . . ' must be read in the light of the established rule that subsequent substantial damage is but an aggravation of the perhaps nominal damages which are inferred from the original breach of warranty or tortious invasion of a right."

Henry C. Lauerman, Professor of Law at Wake Forest University, in an article in 8 Wake Forest Law Review 309, 344 (1972), in discussing this question says:

"G.S. 1-50(5) applies only to plaintiffs *not* in actual possession and control, as owner, tenant or otherwise, of the improvement at the time a defective or unsafe condition of such improvement to realty 'constitutes the proximate cause of the injury for which it is proposed to bring an action.' In such a situation, when the defendant (1) has performed or furnished the design, or (2) has supervised construction, or (3) has constructed the improvement, the action shall accrue on 'the performance or furnishing of such services and construction.'

\*　　　\*　　　\*

"If the owner himself occupied the building at the time the latent defect in the building proximately caused substantial damage, G.S. 1-50(5) would *not* apply."

Four states have statutes employing substantially the same language as G.S. 1-50(5). New Hampshire Rev. Stat. § 508:4-b; New Jersey Stat. Ann., 2A:14-1.1; Utah Code Ann. § 78-12-25.5; Wisconsin Stat. Ann. § 893.155. Many other states have statutes dealing with the same subject matter. Only the New Jersey statute has at present been interpreted by an appellate court. In *Gilliam v. Admiral Corporation*, 111 N.J. Super. 370, 268 A. 2d 338 (1970), defendants, while owners of the subject premises, installed a ladder to the top of the second floor in July or August of 1957. On 26 March 1962 defendants conveyed the land to plaintiffs' decedents. On 31 October 1968 the subject premises burned causing the death of plaintiffs' decedents, current owners of the property. On 26 September 1969 plaintiffs, as administrators of decedents' estates, brought an action against the defendants alleging that the ladder installed in 1957 was defective and was the proximate cause of decedents' death. New Jersey

Stat. Ann., 2A:14-1.1 contains the same language as the North Carolina statute except that it provides a ten-year rather than a six-year statute of limitations. The Court held that the statute was applicable under the facts in *Gilliam* and barred plaintiffs' action since it was brought more than ten years from the date of completion of the improvement. However, the Court said:

> "It is apparent however, that the legislature intended by this limitation to preserve the common law principle of liability in the case of any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

The case is distinguishable from the instant case since in *Gilliam* plaintiffs were not in control of the premises when the improvement was installed. Indeed, the above quoted language in *Gilliam* implies that had that Court been faced with the fact situation in the instant case, it would have held that the statute did not apply.

This Court has not construed G.S. 1-50(5). To do so we rely on established rules of statutory construction. The intent of the legislature controls the interpretation of a statute. *Galligan v. Town of Chapel Hill*, 276 N.C. 172, 171 S.E. 2d 427 (1970). "In construing a statute, it will be presumed that the legislature comprehended the import of the words employed by it to express its intent. Accordingly, technical terms must ordinarily be given their technical connotation in the interpretation of a statute. But where the words of a statute have not acquired a technical meaning, they must be construed in accordance with their common and ordinary meaning unless a different meaning is apparent or definitely indicated by the context." 7 Strong, N. C. Index 2d, Statutes § 5, p. 72; *Cemetery, Inc. v. Rockingham County*, 273 N.C. 467, 160 S.E. 2d 293 (1968); *Seminary, Inc. v. Wake County*, 251 N.C. 775, 112 S.E. 2d 528 (1959); *State v. Baker*, 229 N.C. 73, 48 S.E. 2d 61 (1948).

Plaintiff Dulan P. Sellers helped plan and supervise the installation of the heat pumps in question and he and his wife were in possession of the premises when the heat pumps were installed and continued in actual possession and control as owners until the date of the fire. G.S. 1-50(5) specifically provides: "This limitation shall *not* apply to any person in *actual posses-*

*sion* and *control as owner*, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action." (Emphasis added.) Giving these words their "common and ordinary meaning," the restrictive sentence is clearly applicable to the plaintiffs. The rationale of excluding owners in possession and control is understandable. The owner in possession and control is in the best position in the exercise of diligence to acquire accurate and precise knowledge of any defective improvement to his real property. It is apparent that the legislature intended to benefit only those persons who were not in possession and control of the real property at the time of the defective or unsafe condition of such improvement constituted the proximate cause of the injury or damage for which the action is brought.

We hold that G.S. 1-50 (5) is not applicable to plaintiffs and that their cause of action is barred by the three-year statute of limitations.

The installation of the heat pumps was completed in the summer of 1965. The fire occurred in January 1967. Plaintiffs had more than eighteen months in which to bring their action. This is not, therefore, a hardship case in which plaintiffs had a very short period of time in which to act. Even so, as said by Justice Bobbitt (now Chief Justice) in *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E. 2d 508 (1957) : "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all."

Defendant Friedrich Refrigerators, Inc., further contends that G.S. 1-50 (5) concerns only actions " . . . against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement," and that this statute does not apply in an action against a manufacturer of equipment which ultimately becomes a part of the building. However, in view of our decision that the plaintiffs' cause of action against all the defendants is barred by the three-year statute, it is not necessary to pass upon this contention.

For the reasons stated we hold that G.S. 1-50 (5) is not applicable and that plaintiffs' cause of action is barred by G.S.

1-52, the three-year statute of limitations. The decision of the Court of Appeals is therefore reversed, and the case is remanded to the Court of Appeals with direction that it remand the case to the Superior Court of Duplin for entry of judgment affirming the order of Judge Hubbard dismissing the action.

Reversed and remanded.