PEGGY STARKEY, PLAINTIFF v. CIMARRON APARTMENTS, INC.; A. G. TEX-
AFIL; CITY OF RALEIGH; HOLLAND CONSTRUCTION COMPANY, DE-
FENDANTS v. NORTH CAROLINA VILLAGES, INC.; THE LAKE JOHNSON
COMPANY, A NORTH CAROLINA PARTNERSHIP, AND RANDALL BROACH,
THIRD PARTY DEFENDANTS

HOWARD EVANS AND MARY WHITEHURST EVANS, PLAINTIFFS v. CIMAR-
RON APARTMENTS, INC.; A. G. TEXAFIL; CITY OF RALEIGH; HOL-
LAND CONSTRUCTION COMPANY, DEFENDANTS v. NORTH CAROLINA
VILLAGES, INC.; THE LAKE JOHNSON COMPANY, A NORTH CAROLINA
PARTNERSHIP, AND RANDALL BROACH, THIRD PARTY DEFENDANTS

No. 8310SC1179

(Filed 16 October 1984)

1. **Limitation of Actions § 4.2; Negligence § 20— condominium project—defects in construction—statute of repose—applicability to developer**

    The developer of a condominium project was involved in the "planning" of
    the project within the meaning of the 1963 version of G.S. 1-50(5) so that the
    six-year statute of repose set forth therein applied to actions against the
    developer for negligence in failing to install fire walls in the attics of the con-
    dominium buildings.

2. **Damages § 17.7— punitive damages—insufficient evidence of wilful and wan-
   ton negligence**

    Evidence that defendant landlord knew an apartment building did not
    have attic fire walls and failed to correct this condition did not show wilful and
    wanton negligence which could support an award of punitive damages. Fur-
    thermore, plaintiffs failed to produce evidence sufficient to create a genuine
    issue of material fact as to wilful and wanton negligence by defendant landlord
    in wrongfully concealing the absence of the fire walls.

ON writ of certiorari to review orders entered by *Smith,
Judge*. Judgment entered 19 August 1983 in Superior Court,
WAKE County. Heard in the Court of Appeals 30 August 1984.

The plaintiffs in this action are tenants of the Lake Johnson
Mews Condominiums in Raleigh, whose property was damaged by
a fire on 27 December 1980. The defendants include Cimarron

Apartments, Inc., and Holland Construction Company, who developed and constructed the condominiums during the period July 1973 through 1 September 1974. A third defendant is A. G. Texafil, who has owned the condominiums since 12 February 1980.

Fire originated in the apartment of Randall Broach, when an oil heater turned over on his back balcony. The fire spread to the plaintiffs' apartments, its movement apparently unimpeded because of the lack of fire walls.

The plaintiffs brought suit on 30 November 1982. They alleged that defendants Cimarron Apartments and Holland Construction Company were negligent, and wilfully and wantonly negligent, in failing to install the fire walls. They alleged further that the defendant A. G. Texafil was wilfully and wantonly negligent in failing to install the fire walls and in wrongfully concealing them. The plaintiffs amended their complaint on 20 June 1983 to add a fourth cause of action, alleging that A. G. Texafil violated the North Carolina Building Code and its rental agreement with plaintiffs by failing to install the fire walls.

The defendants Cimarron Apartments and Holland Construction Company moved for summary judgment on the claims against them, and this was allowed on 12 August 1983. The defendant A. G. Texafil moved to dismiss the plaintiffs' second cause of action, and the trial judge allowed the motion, treating it as a motion for summary judgment. While the fourth cause of action is still alive and the trial judge did not make the requisite finding under G.S. 1A-1, Rule 54(b) that there is no reason to delay appeal of its summary judgment orders, we choose nevertheless to treat the appeal as a petition for certiorari and will review the questions presented on their merits.

*Holleman and Stam, by Paul Stam, Jr., for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by D. James Jones, Jr., for defendant-appellees Cimarron Apartments, Inc., and Holland Construction Company.*

*Kirby, Wallace, Creech, Sarda & Zaytoun, by David F. Kirby and John R. Wallace, for defendant-appellee A. G. Texafil.*

ARNOLD, Judge.

Our determination of the plaintiffs' appeal of the summary judgment granted to defendants Cimarron Apartments, Inc., and Holland Construction Company is controlled by our decision in *Colony Hill Condominium I Association v. Colony Company* (No. 8314SC1071), filed 18 September 1984.

[1] Plaintiffs argue that Cimarron Apartments, as developer of the Lake Johnson Mews complex, was not covered by the 1963 statute of repose. The statute applied to "any person performing or furnishing the design, *planning*, supervision of construction or construction of such improvement to real property. . . ." G.S. 1-50(5) (emphasis added). As developer of the Lake Johnson Mews projects, Cimarron Apartments was involved in the "planning" of the project, if not also in the ultimate supervision of construction. We find that the 1963 statute of repose was intended to cover developers such as Cimarron Apartments.

Plaintiffs argue further that we should revert to an interpretation of the word "person" in the second sentence of the 1963 version of the statute of repose G.S. 1-50(5), espoused in two cases, *Sellers v. Friedrich Refrigerators, Inc.*, 283 N.C. 79, 194 S.E. 2d 817 (1973) and *Feibus & Co., Inc. v. Godley Construction Co., Inc.*, 301 N.C. 294, 271 S.E. 2d 385 (1980). The Supreme Court revised its interpretation of the 1963 statute in *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983), effectively overruling both *Sellers* and *Feibus*. We believe that the *Lamb* decision contains the correct interpretation of the legislature's intent in enacting the 1963 version of G.S. 1-50(5), and this interpretation must govern the facts of this case. We have seen nothing to indicate that the legislature accepted the *Sellers* and *Feibus* analysis, and that it enacted the 1981 amendment with that in mind. The suit brought against Cimarron Apartments and Holland Construction is accordingly barred.

[2] As to the appeal of the order of summary judgment granted defendant A. G. Texafil on plaintiffs' second cause of action, we find that Texafil's imputed knowledge of the lack of fire walls, and its failure to correct this deficiency, were evidence of negligence, *see Brooks v. Francis*, 57 N.C. App. 556, 291 S.E. 2d 889 (1982), but not of wilful and wanton negligence. Plaintiffs have not produced evidence that Texafil or its agents had a deliberate pur-

pose to fail to install the fire walls as required by law, nor have they shown any evidence of recklessness or of a "wicked purpose" which would make Texafil's negligence wilful or wanton. *See Siders v. Gibbs*, 39 N.C. App. 183, 249 S.E. 2d 858 (1978).

Moreover, plaintiffs have not produced evidence sufficient to create a genuine issue of material fact as to their claim that defendant Texafil wrongfully concealed the lack of fire walls. The fact that Texafil's predecessors failed to construct attic entries for the individual condominiums, that Texafil on purchasing the complex did not cause them to be constructed, and that an agent of Texafil had observed that the fire walls and attic entries were absent, is not evidence of actual knowledge on the part of Texafil that fire walls were missing and that, by failing to construct the individual attic entries, Texafil intended to conceal the fire walls. The trial judge's orders allowing summary judgment are

Affirmed.

Judges WHICHARD and EAGLES concur.